UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM GASPARD AND<br>ANGELINE GASPARD | CIVIL ACTION |
| VERSUS | NO. 12-804 |
| DET NORSKE VERITAS, INC., ET AL. | SECTION "N" (5) |

**ORDER AND REASONS**

    Presently before the Court is the motion to dismiss for lack of subject matter jurisdiction (Rec. Doc. 153) filed by Defendant United States of America ("the Government") regarding the claims that Plaintiffs William Gaspard ("Gaspard") and Angeline Gaspard have filed pursuant to the Federal Torts Claims Acts ("FTCA"), 28 U.S.C. § 2679(a); *See also* 28 U.S.C. §1346(b). Having carefully reviewed all of the parties' numerous competing submissions, **IT IS ORDERED** that the motion (Rec. Doc. 153) is **DENIED** for the reasons stated herein.

    On May 29, 2011, Gaspard, a security officer employed by Coastal International Security ("Coastal"), was assigned to work as a security officer at NASA's Michoud Assembly Facility ("Michoud"),[1] where an investigation was being conducted of the blowout preventor ("BOP") involved in the 2010 Deepwater Horizon oil spill. During the investigation, the BOP was stored and examined in a temporary building constructed at Michoud for that purpose. Upon exiting that building to patrol the rear perimeter of the secured area, at approximately 1:30 a.m., on May 29,

---

[1] NASA hired Coastal to provide security services at Michoud. *See* Rec. Docs. 153-4 and 153-5.

2011, Gaspard tripped over a large, dark-colored steel beam (the "I-beam") causing him to fall and injure his right lateral meniscus.  Although actually a remnant from the larger steel beams used to construct a base support for the BOP, the I-beam ended up being utilized in various ways and locations within the investigation site rather than being discarded.[2]  Unfortunately, during the dark hour in which Gaspard's May 29th accident occurred, the I-beam was located in the middle of a partially illuminated, approximately 39 inches wide walkway situated between the rear of the building and a fence bordering the facility's waterfront dock.[3]

As a result of the accident, Plaintiffs sued Jacobs Engineering Group, Inc. ("Jacobs"), Det. Norske Veritas (USA), Inc. ("DNV"), National Aeronautics and Space Administration ("NASA"), the United States Coast Guard ("Coast Guard"), Raymond Kenneth Tiffany, Tiffany Structures, Robert Hogan and Sonrise Structures.  Jacobs was hired by NASA to handle facility operations at Michoud and served as NASA's site safety representative relative to the BOP investigation.[4]  DNV was hired to do a forensic investigation of the BOP.[5]   The Coast Guard contracted with NASA to lease a site at Michoud for the BOP investigation, maintained custody of the BOP and all evidence, and coordinated all interested parties involved in the investigation.[6]  Eventually, the United States was substituted for NASA and the Coast Guard, all defendants except the United States and DNV were dismissed, and Coastal's worker's compensation carrier, New Hampshire Insurance Company, intervened.

---

[2]     *See* Rec. Doc. 221; Rec. Doc. 223-4 to Rec. Doc. 223-7 (photos); *see also* 227-4, pp. 38-67.

[3]     *See* Rec. Doc. 221; see Rec. Doc. 223-8 to Rec. Doc. 223-10 and Rec. Doc. 223-14 (photos); *See also* note 6, *infra*.

[4]     *See* Rec. Doc. 153-3.

[5]     *See* Rec. Doc. 160-1, p. 44.

[6]     *Id*.

As stated above, Plaintiffs' claims against the United States are premised upon the FTCA. Citing principles of sovereign immunity, the Government's motion nevertheless contends that subject matter jurisdiction is lacking, relative to Plaintiffs' claims, because "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *See* Rec. Doc. 227, p. 7.  Though recognizing that federal courts have jurisdiction to hear suits against the Government for which sovereign immunity has been waived, and that the FTCA provides such a waiver for "damages arising out of the tortious conduct of federal employees acting within the scope of their employment," the Government still maintains that dismissal of Plaintiffs' claims is warranted on a number of grounds.  *Id.* at 8.

In support of dismissal, the Government first asserts that Plaintiffs cannot prove any set of facts that would entitle them to relief on their claims because they cannot prove that "the negligence of any NASA, USCG or other federal employee, as opposed to an independent contractor, caused or contributed to the alleged injuries to [Gaspard]." *Id.* at 6 and 8 (citing *Peacock v. United States*, 597 F.3d 654, 658 (5th Cir. 2010) ("Consent to be sued does not extend to the acts of independent contractors working for the government.")).  Even if the Court finds the Government's "ownership of the subject property, and a limited presence of Federal employees will prohibit dismissal based on the independent contractor defense," the Government additionally argues that the Louisiana workers compensation statute, La. R.S. 23:1061, shields it, as a statutory employer, from tort liability.  And, finally, the Government contends that the discretionary function exception to the FTCA waiver also applies.  *See* 28 U.S.C. § 2680(a) (Government not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused").

3

On the limited instant showing made, the Court is not convinced of the merit of the Government's assertions. Specifically, assuming that Jacobs is properly classified as a independent contractor, as argued by the Government, deposition testimony elicited from Captain (ret.) Suzanne Emily Englebert, the senior evidence control and evidence custodian of the Deepwater Horizon evidence, regarding her duties relative to safety, her prior awareness of the I-beam's location within the walkway, the limited lighting available at night, and the security officers' regular traversal of that walkway, coupled with a failure to take any remedial action, suggests the possible negligence of a federal employee.[7] Although the Government's trial presentation might well be such that the Court is convinced that any duty owed or assumed by Coast Guard personnel regarding site safety did not extend, as a matter of law, to the risk associated with Plaintiff's injury, or that such personnel acted reasonably under the circumstances, the information presently before the Court falls short of that mark.

Further, as argued by Plaintiffs, the Court has not been provided with "a contract between the principal and a person or entity *other than the employee's immediate employer*," *See* La. R.S. La. R.S. 23:1061(A) (2) (emphasis added), or "a written contact between the principal and

---

[7] *See* Rec. Doc. 227, pp. 13-40, 54-62; 69-79; 101-118; 128-136; 211-214; 218-224. The pathway was approximately 39 inches wide. Captain Englebert estimated the I-beam as being a approximately 3 feet long and a foot wide. *Id.* at pp. 68, 78-79, and 88.

a contractor which is the employee's immediate employer or his statutory employer, *which recognizes the principal as a statutory employer*."[8] *See* La. R.S. 23:1061(A) (3) (emphasis added).

---

[8]  La. R.S. 23:1061 provides:

§ 1061. Principal contractors; liability

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

5

Here, having been provided with neither such contract, the Court is unable to conclude that the Government is properly classified, under Louisiana workers' compensation law, as a statutory employer entitled to the benefit of immunity from civil liability that is provided by La. R.S. 23:1032(A)(1)-(2).[9]

---

[9] La. R. S. 23:1032 provides:

> § 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
>
> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
>
> (2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
>
> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
>
> C. The immunity from civil liability provided by this Section shall not extend to:
>   (1) Any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and
>   (2) To the liability of any partner in a partnership which has been formed

Finally, Captain Englebert's stated awareness of the application of OSHA regulations to the area,[10] and Plaintiffs' citation of a provision regarding "Aisles and Passageways" requiring that such areas "be kept clear and in good repairs, with no obstruction across or in aisles that could create a hazard," *See* 29 C.F.R. § 1910.22 (b)(1), likewise preclude dismissal, as this juncture, premised upon the discretionary function exception to the FTCA.

As stated herein, the Court finds Plaintiffs have alleged claims within the scope of the FTCA, which provides a limited waiver of federal sovereign immunity. Given that, the Court denies the Government's motion asserting a lack of subject matter jurisdiction.

New Orleans, Louisiana, this 19th day of February 2016.

                                                                    KURT D. ENGELHARDT
                                                                    UNITED STATES DISTRICT JUDGE

**Clerk to Copy:**

Magistrate Judge North

---

for the purpose of evading any of the provisions of this Section.

[10] *See* Rec. Doc. 221, pp. 2-9; Rec. Doc. 231, pp. 6-7; Rec. Doc. 227, pp. 13-35 and 213.